IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HIPOLITO CRUZ-RIVERA,<br><br>Defendant. | CRIMINAL ACTION<br>NO. 11-43 |

**OPINION**

**Slomsky, J.**                                                                                                                              October 9, 2020

**I.     INTRODUCTION**

Before the Court is Defendant Hipolito Cruz-Rivera's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A).[1] (Doc. No. 323.) Defendant is serving a 156-month sentence at Federal Detention Center in Miami, Florida ("FDC Miami") and seeks compassionate release from incarceration based on his wife's breast cancer diagnosis, her COVID-19 risk, and the additional

---

[1] 18 U.S.C. § 3582(c)(1)(A) reads, in part,

> . . . the court, upon motion from the Director of the Bureau of Prisons, or upon the motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
>     (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

childcare burdens she faces due to school closures as a result of COVID-19. (Id. at 5.) The Government opposes the Motion, arguing that Defendant has failed to show that his wife is incapacitated or that he is the only other caregiver for their minor child. (Doc. No. 324 at 1.) For the following reasons, Defendant's Motion for Compassionate Release will be denied.

**II.     BACKGROUND**

On April 4, 2012, a grand jury returned a Superseding Indictment (Doc. No. 92) charging Defendant with one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1),[2] and one count of distribution of five hundred grams or more of cocaine, in violation of 21 U.S.C. § 846.[3] (Doc. No. 323 at 2.) The Superseding Indictment alleges that from June 2010 until November 19, 2010, Defendant conspired with two co-defendants, Heriberto Marrero-Diaz and Moises Senquiz-Lebron, to distribute cocaine in Philadelphia, Pennsylvania. (Id. at 1.) According to the Superseding Indictment, Defendant acquired and supplied the cocaine to Defendant Marrero-Diaz, at a cost of $27,000 to $30,000 per kilogram. (Id. at 2.) Marrero-Diaz, working in tandem with Senquiz-Lebron, then were responsible for the distribution of the cocaine to customers in and around Philadelphia. (Id.) The Superseding Indictment also alleges that Defendant used a courier to make the cocaine deliveries to and collect the proceeds of sale from Marrero-Diaz. (Id.)

---

[2]  21 U.S.C. §841(a)(1) reads,

> [I]t shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]

[3]  21 U.S.C. § 846 reads, in part,

> [a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

On May 23, 2012, Defendant was afforded temporary pretrial release with electronic monitoring for these offenses. (Id. at 3.) During this time, he was permitted to travel to Puerto Rico to attend to family matters and to work. (Id. at 3.)

On March 7, 2013, Defendant pled guilty to Counts I and II of the Superseding Indictment. (Id. at 2.) On April 14, 2014, he was sentenced to 156 months imprisonment, to be followed by five years supervised release, and to pay a special assessment of $200 and a fine of $1,500. (Doc. No. 282.) On or around June 14, 2014, he began by self-surrendering to FDC Miami. (Doc. No. 325 at 2.) Defendant's sentence of imprisonment was later reduced from 156 months to 135 months. (Id.)

In June 2020, Defendant applied to the Bureau of Prisons ("BOP") for compassionate release. (Doc. No. 323, Ex. B at 45-48.) Thirty days passed with no determination on his request. (Id.)

On July 14, 2020, after exhausting all administrative remedies, Defendant filed the instant Motion under 18 U.S.C. § 3582(c)(1)(A). (Id.) In the Motion and a subsequent filing in support of the Motion (Doc. No. 325), Defendant claims that his wife's medical condition, the COVID-19 pandemic, and the relevant Section 3553(a) factors[4] warrant his release. (Doc. No. 323 at 5-6.)

---

[4] When modifying a sentence under 18 U.S.C. §3582(c)(1)(A), a court must consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –
   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b. to afford adequate deterrence to criminal conduct;
   c. to protect the public from further crimes of the defendant;
   d. to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

First, Defendant contends his situation presents an extraordinary and compelling reason given the combination of wife's illness and the prevalent nature of COVID-19.  (Id. at 5.) Specifically, he maintains that his incarceration places "significant undue burdens to [his wife] and her family."  (Id. at 4.)  Defendant states that his wife lives alone in Puerto Rico with their twelve-year-old son and that she has breast cancer and diabetes.  (Doc. No. 325 at 1.)  To evidence her condition, Defendant filed copies of his wife's medical records, which show that she currently has diabetes and a "highly suspicious palpable mass" in her left breast.  (Doc. No. 326 at 1-2.) Due to his wife's breast cancer, Defendant contends that she is at a heightened risk for COVID-19. (Doc. No. 323 at 5.)  Additionally, Defendant alleges that his wife is their son's sole caretaker, and that her family is unable to provide childcare because her sister lives in Philadelphia and her parents are deceased.  (Doc. No. 325 at 1.)  Moreover, Defendant claims that their son's school is expected to close due to COVID-19, rendering his wife responsible for providing home school care.  (Id.)

Second, Defendant avers that his release is warranted because he poses no danger to the community.  (Doc. No. 323 at 6.)  He points out that while on pretrial release, he worked and traveled to Puerto Rico without any violation.  (Id.)  Furthermore, he notes that no firearm or threat of violence was involved in his offense.  (Id.)

Third, Defendant contends that the Section 3553(a) sentencing factors weigh in his favor. He argues that his 135-month sentence is already "greater than necessary to comply with the

---

. . .

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

4

statutory purposes of punishment." (Id.)  Moreover, Defendant claims that early release would not create unwarranted sentencing disparities.  (Id. at 7.)  In support of this assertion, he cites statistics from the United States Sentencing Commission, which state that "only 40-[4]7% of offenders who committed drug crimes involving powder cocaine received a within range sentence . . . and 57.9% received a below range sentence." (Id.)

On July 14, 2020, the Government filed a Response in Opposition to Defendant's Motion for Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Doc. No. 324.)  The Government argues that Defendant has not shown an extraordinary and compelling circumstance warranting release. (Id. at 3-4.)  Specifically, it asserts that although Defendant filed copies of his wife's medical records, those records fail to "state a definitive diagnosis, prognosis, or course of treatment for his wife [and,] [i]n any event, he makes no showing whatsoever that she is incapacitated or in need of his assistance" to care for their child.  (Id. at 4.)  In addition, the Government submits even if Defendant had shown that his wife is incapacitated, that he did not show that he would be the only available caregiver to the child.  (Id.)

### III. DISCUSSION

#### A. The Analytical Framework Regarding a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A).

Usually, a district court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  There are, however, "a few narrow exceptions" to this "rule of finality," Freeman v. United States, 564 U.S. 522, 526 (2011), including the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A).  As amended by the recently enacted First Step Act, this statute now empowers a district court to modify a term of imprisonment on a defendant's motion after the

defendant has exhausted his administrative remedies.[5] 18 U.S.C. § 3582(c)(1)(A)(i). As noted above, the statute provides, in part, that a court

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Congress, however, has not defined the term "extraordinary and compelling reasons," except to the extent that "[r]ehabilitation of the defendant alone" is insufficient to constitute an extraordinary and compelling reason. 28 U.S.C. § 994(t). Instead, Congress delegated the authority to define "extraordinary and compelling reasons" to the United States Sentencing Commission. Section 1B1.13 of the Sentencing Guidelines explains that a sentence reduction under Section 3582(c)(1)(A) may be ordered where a court determines:

> [A]fter considering the factors set forth in 18 U.S.C. § 3553(a), that—
>
>> (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .

---

[5] A defendant may file a motion for compassionate release directly with a district court after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

In other words, before a defendant can make such a request to a court, he "must at least ask the Bureau of Prisons ("BOP") to do so on [his] behalf and give [the] BOP thirty days to respond" Raia, 954 F.3d at 955, and if the BOP does respond adversely within the thirty days, to then exhaust any available administrative appeals during that period. See 18 U.S.C. § 3582(c)(1)(A)). Here, Defendant has met the exhaustion requirement because he sent his first request to the Warden at FDC Miami on June 2020 and did not receive a response within thirty days.

    (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

    (3) the reduction is consistent with this policy statement.

Application Note 1 to Section 1B1.13 discusses the meaning of "extraordinary and compelling reasons," and lists three specific qualifying circumstances: (1) a defendant's medical condition, (2) age, or (3) family circumstances. U.S.S.G. § 1B1.13 app. note 1(A)–(C). This Note states:

> Provided the defendant [is not a danger to the safety of any other person or to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.
>
>     (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>     (ii) The defendant is—
>
>         (I) suffering from a serious physical or medical condition,
>
>         (II) suffering from a serious functional or cognitive impairment, or
>
>         (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

>    (C) Family Circumstances.
>
>    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13 n.1(A)-(C). Application Note 1 further provides a "catch-all" provision, which allows a court to modify a sentence for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1(D).[6]

The Application Notes only provide "helpful guidance" and are "not ultimately conclusive[.]" United States v. Rodriguez, No. 03-271, 2020 U.S. Dist. LEXIS 58718, at *17 (E.D. Pa. Apr. 1, 2020) (quoting United States v. Fox, No. 14-03, 2019 U.S. Dist. LEXIS 115388, at *5 (D. Me. July 11, 2019). Since the Sentencing Commission has not yet amended Section 1B1.13 or its commentary to account for the First Step Act, a district court has the authority to independently assess whether there are extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See Rodriguez, 2020 U.S. Dist. LEXIS 58718 at *17.

Thus, there are two situations where a defendant's family circumstances may present an extraordinary and compelling reason for compassionate release. First, an extraordinary and

---

[6] Although by its express language Section 1B1.13 applies to motions brought by the Director of the BOP, the current consensus is that the First Step Act removed this requirement. See generally, United States v. Rodriguez, No. 03-271, 2020 U.S. Dist. LEXIS 58718, at *17 (E.D. Pa. Apr. 1, 2020) (considering whether a defendant bringing a direct-to-court motion for compassionate release demonstrated "extraordinary and compelling reasons" and using Section 1B1.13 as "helpful guidance.").

compelling reason may exist following the death or incapacitation of the caregiver of the defendant's minor child or minor children. U.S.S.G. § 1B1.13 app. note 1(C). Second, and in the alternative, an extraordinary and compelling reason for release may exist following the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. (Id.) A family member's illness, absent incapacitation or death, is not enough to constitute an extraordinary and compelling family circumstance. District courts routinely deny motions for compassionate release when the defendant cannot show that they would be the only available caregiver, even if their incarceration imposes substantial burdens on their spouse or co-parent to a minor child. See e.g., United States v. Hill, No. 18-271, 2020 U.S. Dist. LEXIS 136070 (E.D. Pa. July 31, 2020); United States v. Richardson, No. JKB-09-0288, 2020 U.S. Dist. LEXIS 105418 (D. Md. June 16, 2020). For example, in United States v. Thornton, a defendant's motion for compassionate release was denied despite his 8-year-old son's history of cancer and his wife losing her job and their home. No. 2:18-167-1, 2020 U.S. Dist. LEXIS 134434, at *11 & n.10 (W.D. Pa. July 29, 2020). Although the district court was sympathetic to the circumstances, it noted that they did not involve incapacitation of a caregiver. See id.

If a district court determines that an extraordinary and compelling reason exists, it must then weigh that reason against the Section 3553(a) factors to determine if a sentence reduction is warranted and, if so, the extent of such reduction. See id. at *2 (explaining that "the Court must weigh [the] extraordinary circumstances against the ordinary sentencing factors under 18 U.S.C. § 3553(a)."). Section 3553(a), however, establishes factors for a court to consider in initially imposing a sentence, so not every factor applies to motions for compassionate release. In the instant context, the applicable factors are:

9

>   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>   (2) the need for the sentence imposed—
>
>   >   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   >
>   >   b. to afford adequate deterrence to criminal conduct;
>   >
>   >   c. to protect the public from further crimes of the defendant; and
>   >
>   >   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]
>
>   . . .
>
>   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

18 U.S.C. § 3553(a)(1)-(2), (6). If a balance of a defendant's extraordinary and compelling reason and the Section 3553(a) factors support a reduced sentence, the court may reduce the prison term, modify the terms of supervised release, or both.

### B. Defendant's Motion for Compassionate Release Will Be Denied.

Defendant's Motion will be denied because he has not shown an extraordinary and compelling reason for his release. Defendant has not established the requisite circumstance that his wife's medical condition resulted in her incapacitation and that he would be the only available caregiver to their child. For this reason, his Motion will be denied.[7]

---

[7] Had Defendant established an extraordinary and compelling reason for compassionate release, the relevant Section 3553(a) sentencing factors would have weighted in favor of a reduction or modification to Defendant's sentence.

First, reducing Defendant's sentence would still afford adequate deterrence and protect the public from further crimes by Defendant. 18 U.S.C. §3553(a)(2)(b-c). His crimes were nonviolent in the sense that no firearms or threats of violence were used. (Doc. No. 323 at 6.) Furthermore, while on pretrial release for these crimes, Defendant was allowed to travel to

While a family circumstance can constitute an extraordinary and compelling reason, Defendant does not meet this standard because he has not shown that his wife is incapacitated as a result of her medical condition. U.S.S.G. § 1B1.13 app. note 1(C). Defendant offers medical records that show his wife suffers from diabetes and breast cancer. (Doc. No. 326.) While these are trying medical conditions, it cannot be assumed every individual who is diagnosed with diabetes or breast cancer is incapacitated. See United States v. Nassida, No. CR 14-241 U.S. Dist. LEXIS 145306, at *6 (W.D. Pa.. Aug. 13, 2020) (denying the defendant's motion for compassionate release despite his wife's treatment for pre-breast cancer and knee replacement surgery in part because the defendant made no showing of incapacitation) (quoting United States

---

Puerto Rico without incident or violation and he was allowed to work and self-surrender to his sentence. (Id.) At this stage, continued incarceration is not necessary to protect the public.

Second, Defendant has served about two-thirds of his ten-year sentence, and therefore has been incarcerated long enough to impart the the seriousness of the offense, promote respect for the law, and provide just punishment for the conduct. 18 U.S.C. §3553(a)(2)(a).

Third, to release Defendant now would not result in an unwarranted sentencing disparity. 18 U.S.C. § 3553(a)(6). Under the United States Sentencing Guidelines there is a 10-year mandatory minimum for drug offenses involving five kilograms of powder cocaine and a 5-year mandatory minimum for drug offenses involving 500 grams of powder cocaine. See 21 U.S.C. § 841(b)(1)(A-B). Defendant has provided evidence from the 2017 United States Sentencing Commission statistics showing that 57.9% of offenders who committed drug crimes involving powder cocaine received a below range sentence. (Doc. No. 323 at 7.) Thus, it is evident that while Defendant's sentence is within the guideline range, and is therefore presumptively reasonable, to reduce his sentence would not result in a significant disparity with sentences given to other, similarly situated Defendants.

Fourth, whether Defendant's sentence provides him with necessary "educational or vocational training, medical care, or other correctional treatment," is a neutral factor. 18 U.S.C. § 3553(a)(d)(2). The extent of his education prior to incarceration is unclear and he makes no mention of any training, medical care, or correctional treatment he has received while in prison.

In sum, the Section 3553(a) factors, taken together, would weigh in favor of Defendant's release had he shown an extraordinary and compelling reason for compassionate release.

v. Collins, No. 15-10188, 2020 U.S. Dist. LEXIS 5001, at *10 (D. Kan. Jan. 13, 2020). Many individuals who have either condition are able to go about their daily lives and are not incapacitated. See id. (noting that incapacitated "has been interpreted to mean 'completely disabled,' and to refer to someone who 'cannot carry on any self-care and is totally confined to a bed or chair.'"). Defendant claims that despite his wife's "illnesses and physical limitations," she is responsible for providing home school care due to anticipated COVID-19 school closures. (Doc. No. 325 at 1.) Although it is difficult to provide home school care for a child, especially when dealing with illnesses like breast cancer and diabetes, this alone does not satisfy the "extraordinary and compelling" requirement for compassionate release. U.S.S.G. § 1B1.13 app. note 1(C). At a minimum, Defendant must show that his wife is incapacitated due to her breast cancer or diabetes. See id. His Motion and supporting documents have not done so. (See Doc. No. 324 at 4.)

Furthermore, Defendant has not shown that he would be the only available caregiver to his child even if his wife were incapacitated. (Id.) He contends that his wife lives alone with their child and is solely responsible for providing childcare. (Doc. No. 325 at 1.) While Defendant claims that his sister-in-law has moved and his wife's parents are deceased, he makes no mention of his family or others that could potentially care for his child. (Doc. No. 325 at 1.) Notably, in 2014, Defendant reported that his 57-year-old mother and 35-year-old sister reside in Puerto Rico. (Doc. No. 324 at 4.) He makes no mention of their whereabouts in his present Motion. (Id.) Thus, Defendant has not met his burden of showing that if his wife became incapacitated that he would be the only available caregiver to their minor child and for this additional reason his Motion will be denied. But, if his family circumstances change to the extent that he can show an extraordinary and compelling reason, the Court would reconsider its decision.

**CONCLUSION**

For the foregoing reasons, Defendant has not shown an extraordinary and compelling reason for his release. Thus, Defendant's Motion for Compassionate Release (Doc. No. 323) will be denied. An appropriate Order follows.